# WINSTON & STRAWN LLP

BEIJING
CHARLOTTE
CHICAGO
GENEVA
HONG KONG
HOUSTON
LONDON
LOS ANGELES

35 WEST WACKER DRIVE
CHICAGO, IL 60601

+1 (312) 558-5600

FACSIMILE +1 (312) 558-5700

www.winston.com

MOSCOW
NEW YORK
NEWARK
PARIS
SAN FRANCISCO
SHANGHAI
WASHINGTON, DC

KIMBALL R. ANDERSON
Partner
312 558-5858
kanderson@winston.com

April 22, 2013

Mr. Kevin Trudeau
3 Grant Square #360
Hinsdale, Illinois  60521

      Re:  Engagement of Winston & Strawn as Chapter 7 Counsel

Dear Kevin:

    Thank you for selecting Winston & Strawn LLP (the "Firm") to serve as Chapter 7 counsel to you. The Firm's policy at the outset of an engagement with a client is to outline in writing the nature of the engagement, and the basis on which the Firm will provide legal services and be paid for them.

    1.  <u>Nature and Scope of the Engagement</u>: The Firm's client will be you personally. The Firm agrees to represent you in the preparation for, and, if so directed, the initiation of a case under Chapter 7 of the United States Bankruptcy Code conditioned upon the payment to us by you of an advance fee as hereinafter provided and the agreement of you to pay fees and costs promptly as billed hereafter to the extent authorized by the Bankruptcy Court.

    This engagement letter does not include any work that we may perform for you in connection with the pending FTC v. Trudeau matter (N.D. Ill.) and the pending United States v. Trudeau matter (N.D. Ill.).

    2.  <u>Fees</u>. Where feasible, we will utilize the resources available to the Firm to reduce the total cost of legal services in this matter. Although Dan MacGuire will be the attorney responsible for this engagement, portions of the work may be performed by other firm attorneys and legal assistants, as necessary. Dan's current hourly rate is $760. Our billing rates are subject to adjustment from time to time, usually in January of each year. Unless you request otherwise, all billings in this matter will be directed to your attention, and any questions or comments regarding billing practices or amounts should be directed to me.

WINSTON & STRAWN LLP

April 22, 2013
Page 2

3. Costs: In addition to our fees, costs, and expenses, as provided above, costs may also be incurred for consultants, expert witnesses or investigators (collectively, "Experts") necessary for this representation. The Firm will obtain permission of you before it hires Experts. The Firm may, but is not obligated to, pay such Experts on behalf of you and then seek reimbursement from you as part of its regular billing. The Firm may require you to advance certain costs and expenses, or certain costs and expenses, including the statements from experts, may be forwarded directly to you for payment.

4. Advance Payment Retainer: Our agreement to represent you is contingent upon your payment to us of an advance fee of $75,000 (the "Retainer"). The Retainer will become the property of Winston & Strawn LLP, be placed in our operating accounts, and be fully earned upon receipt as payment for the commitment to provide legal services to you regarding the Chapter 7 bankruptcy matter. We will set off our fees and expenses against this payment and send you a statement reflecting that setoff in each month in which there is activity on your account. Under provisions of the Bankruptcy Code, as interpreted by some courts, a professional who is a creditor or who has received a delayed payment may be disqualified from representation of the debtor entity. This is one of the reasons that professional firms that represent entities that may or intend to seek relief under Chapter 7 of the Bankruptcy Code require advance fees for their services. The advance fee does not represent an estimate of the total fees that will be incurred in this matter and this letter will confirm that no such estimate has been provided. Notwithstanding payment of the advance fee, you shall remain liable to the Firm for all amounts owed to the Firm pursuant to the terms of this engagement letter.

5. Communications. To enable the Firm to render services effectively, you agree to disclose all relevant facts and keep the Firm apprised of significant developments relating to this representation, to cooperate with our attorneys, and to be available to attend meetings and other conferences as necessary. If you become dissatisfied with our charges or services we urge you to advise us immediately since most problems of that nature can be resolved in a prompt, good faith discussion. It is in your best interest to preserve the confidentiality of all communications with the Firm. However, you should also be aware that, under applicable law, in the event a trustee or examiner is appointed, the trustee or examiner may waive the attorney-client privilege as to otherwise privileged communications between the Firm and you.

6. Client Documents. The Firm will maintain any necessary documents (including any electronic copies) relating to this matter in our client files. At the conclusion of our representation of you (or earlier, if appropriate), it will be your obligation to identify those documents in the Firm's client files that you desire to have made available to it. These documents will be delivered to you within a reasonable time after receipt of payment for outstanding fees and costs, subject to applicable rules of attorney conduct. The Firm will retain any remaining documents in our files for a certain period of time, after which the Firm will destroy them in accordance with its record retention program then in effect.

WINSTON & STRAWN LLP

April 22, 2013
Page 3

    7.    <u>Termination of Representation</u>:  A client has the right at any time to terminate our services and representation upon written notice to the firm. Such termination shall not, however, relieve the client of the obligation to pay for all services already rendered, including work in progress and remaining incomplete at the time of termination, and to pay for all expenses incurred on behalf of the client through the date of termination.

    We reserve the right to withdraw from our representation if the client fails to honor the terms of the engagement, the client fails to cooperate or follow our advice on a material matter, if our continued representation would be unlawful or unethical, or for any other reason permitted by the applicable ethics rules. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect your interests in the above matter, and you agree on behalf of the client that it will take all steps necessary to free us of any obligation to perform further, including the execution of any documents necessary to perfect our withdrawal, and further that we will be entitled to be paid for all services rendered and costs or expenses incurred on behalf of the client through the date of withdrawal. If the client so requests, we will suggest to you possible successor counsel and provide it with whatever documents you have provided to us. If permission for withdrawal is required by a court, we will promptly apply for such permission, and you agree on behalf of the client to engage successor counsel to represent the client.

    This letter sets forth the terms of the engagement of Winston & Strawn by you. Please indicate your acceptance of the terms of this agreement by signing this letter on the line below and returning it to me along with the agreed advance fee, at which time this letter agreement shall become effective. If you have any comments or questions about this agreement or the terms of this engagement, please contact me as soon as possible.

Very truly yours,

*[signature]*
for Winston & Strawn LLP

ACCEPTED AND AGREED to this
_____ day of _____, 2013

By: *[signature]*

**WINSTON & STRAWN** LLP

April 22, 2013
Page 3

7.  Termination of Representation: A client has the right at any time to terminate our services and representation upon written notice to the firm. Such termination shall not, however, relieve the client of the obligation to pay for all services already rendered, including work in progress and remaining incomplete at the time of termination, and to pay for all expenses incurred on behalf of the client through the date of termination.

We reserve the right to withdraw from our representation if the client fails to honor the terms of the engagement, the client fails to cooperate or follow our advice on a material matter, if our continued representation would be unlawful or unethical, or for any other reason permitted by the applicable ethics rules. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect your interests in the above matter, and you agree on behalf of the client that it will take all steps necessary to free us of any obligation to perform further, including the execution of any documents necessary to perfect our withdrawal, and further that we will be entitled to be paid for all services rendered and costs or expenses incurred on behalf of the client through the date of withdrawal. If the client so requests, we will suggest to you possible successor counsel and provide it with whatever documents you have provided to us. If permission for withdrawal is required by a court, we will promptly apply for such permission, and you agree on behalf of the client to engage successor counsel to represent the client.

This letter sets forth the terms of the engagement of Winston & Strawn by you. Please indicate your acceptance of the terms of this agreement by signing this letter on the line below and returning it to me along with the agreed advance fee, at which time this letter agreement shall become effective. If you have any comments or questions about this agreement or the terms of this engagement, please contact me as soon as possible.

Very truly yours,

*Kimball Anderson*
for Winston & Strawn LLP

ACCEPTED AND AGREED to this
_____ day of _____, 2013

_____

By: _____