## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| In re | ) |
|  | ) |
|  | ) Chapter 7 |
| Kevin Mark Trudeau | ) |
|  | ) Case No. 13-16784 (ERW) |
|  | ) |

### *RESPONSE IN* OPPOSITION TO DEBTOR KEVIN TRUDEAU'S MOTION FOR ADDITIONAL TIME FOR FILING LIST OF CREDITORS, SCHEDULES, AND STATEMENT OF FINANCIAL AFFAIRS

1.   The Federal Trade Commission ("FTC" or "Commission"), a United States Government agency, is a creditor and party in interest in this Chapter 7 case.  The FTC objects to Debtor Kevin Trudeau's Motion for an extension of time to file a list of creditors, schedules, and statement of financial affairs.  Trudeau filed his Motion in bad faith, and it is prejudicial to the FTC and the hundreds of thousands of Trudeau's consumer victims.  Trudeau filed his Chapter 7 petition solely in an attempt to evade discovery and a pending civil contempt proceeding in the FTC's consumer protection action against him.  That part of his ploy has not worked, but his attempt to delay filing his schedules and statement of financial affairs will prejudice the FTC and consumers by prolonging the dismissal of his bankruptcy case, which is warranted.  Accordingly, the FTC requests that the Motion be denied, and submits that this case be should ultimately be dismissed pursuant to 11 U.S.C. § 707(a) for failure to complete the § 521(a)(1) filing requirements, or alternatively for being filed in bad faith.

2.   Like a motion for an extension of time "for good cause" under Fed. R. Civ. P. 6(b)(1)(A), the "for cause shown" standard for extending a debtor's deadline to file schedules and a statement of financial affairs under Bankruptcy Rule 1007(c) gives the Court discretion to

deny a motion when it has been filed in bad faith, or is prejudicial to an adverse party. *See Wright and Miller, 4B Federal Practice and Procedure* § 1165 (3d ed. 1998); *Bryant v. Smith*, 165 B.R. 176, 182 (Bankr. W.D. Va. 1994). Here, Trudeau's bankruptcy petition itself and his Rule 1007(c) motion for an extension of time were failed in bad faith, and his motion is prejudicial to the FTC.

3.  This is not a typical case involving an "honest but unfortunate debtor" seeking bankruptcy relief to make a fresh start. To the contrary, Trudeau fails to disclose in his Motion or skeletal petition that he is a serial contemnor who most recently violated the District Court's orders through deceptive infomercials for his *Weight Loss Cure* diet book, for which he was held in civil contempt in 2007. *FTC v. Trudeau*, 567 F. Supp.2d 1016 (N.D. Ill. 2007); 572 F. Supp.2d 919 (N.D. Ill. 2008) (Judge Gettleman); *aff'd in relevant part, rev'd in part* 579 F.3d 754 (7th Cir. 2009). He is also being prosecuted for criminal contempt for the same conduct. *United States v. Trudeau*, 1:10-cr-00886 (N.D. Ill.) (Judge Guzman).

4.  Nor has Trudeau disclosed to the Court that the FTC is in the midst of prosecuting him for civil contempt once again for violating the District Court's order to pay a $37.6 million contempt sanction. On June 2, 2010, the District Court ordered Trudeau to pay a civil contempt sanction of $37,616,161 to the FTC, to compensate the consumers he deceived with his deceptive infomercials. *See FTC v. Trudeau*, 708 F. Supp.2d 711 (N.D. Ill. 2010). That order was affirmed on appeal. *FTC v. Trudeau*, 662 F.3d 947 (7th Cir. 2011).

5.  Much like he has treated all of the District Court's orders, however, Trudeau failed to comply with the contempt sanction order, leading the FTC to move in July 2012 to hold him in civil contempt again for failing to pay the sanction. *FTC v. Trudeau*, 03-CV-3904 (N.D. Ill.), DCt ECF No. 481.

6. On December 6, 2012, the District Court entered an order holding that the FTC had met its burden to establish by clear and convincing evidence that Trudeau has once again violated the District Court's order, shifting the burden to Trudeau to produce evidence to prove his alleged inability to comply "categorically and in detail." *Id.*, DCt ECF No. 535 (FTC Attachment A) (*citing SEC v. Custable*, 1999 WL 92260, *2 (N.D. Ill. 1999), and *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995)).  In furtherance thereof, the District Court ordered Trudeau to file under seal a sworn financial statement – in the form used by the FTC for that purpose -- detailing his assets, liabilities, and financial affairs by January 25, 2013.

7. Trudeau filed a woefully incomplete financial statement under seal suggesting that he lacks the ability to pay anything toward the $37.6 million sanction.  DCt ECF No. 535.  Thereafter, however, in the course of contentious discovery litigation proceedings, the District Court found that the "[FTC] present[ed] evidence that Trudeau is living much more like a prince than the pauper he professes to be."  DCt ECF No. 578 at 2 (FTC Attachment B).  For example, until recently – when the FTC filed its pending contempt motion against him in July 2012 -- Trudeau lived in a luxury home in Oak Brook IL with two personal chefs and a butler, and made other lavish expenditures on credit and charge cards, all paid for by business entities that he claims he neither owns nor controls.  *See id*.  Thereafter, Trudeau fled the United States and sought haven in Zurich, Switzerland, where he continues to live a life of luxury.  Indeed, his attempt to evade the contempt proceeding by fleeing to Switzerland is the sole basis of his Motion for an extension of time to complete his schedules and statement of financial affairs.

3

8.  An evidentiary hearing on the FTC's pending contempt motion, at which  Trudeau has the

burden to establish his inability to pay the sanction, has been set for May 21, 2013.  DCt ECF

No. 580 (March 7, 2013).  That is the day after the filing deadline extension Trudeau seeks in

his Motion here.  Before filing his bankruptcy petition, Trudeau and his cohorts stiffly

resisted asset discovery on all fronts, and Trudeau filed one motion after another in an

attempt to derail or delay the contempt hearing.  His motion to extend his deadline to file his

bankruptcy schedules and statement of financial affairs is an improper ploy to seek refuge in

this Court from being held accountable for his contemptuous conduct in District Court.

9.  Trudeau filed his skeletal Chapter 7 petition on April 22, 2013, at a pivotal point in discovery

in the FTC's law enforcement action.  It was the eve of the scheduled deposition of his

spouse, Nataliya Babenko, whom he married in 2008 after being held in contempt and has

used to conceal his assets by putting them in her name through offshore entities.  *See* DCt

ECF No. 649 at 1-3 (FTC Attachment C).  His own deposition was scheduled to occur a few

days later.  Immediately after he filed his petition, Trudeau's counsel invoked the automatic

stay and unilaterally canceled the depositions.  *See id.*

10.  The FTC promptly obtained a ruling from the District Court that its civil contempt

proceeding against Trudeau was excepted from the automatic stay under 11 U.S.C. §

362(b)(4), on April 26, 2013.  DCt ECF No. 649.  On April 29, the Seventh Circuit denied

Trudeau's emergency motion for a stay of that order, specifically because "Trudeau has

failed to show any reasonable likelihood of prevailing on the merits of his appeal to overturn

the district judge's decision that the stay exception of 11 U.S.C. § 362(b)(4) applies."  *FTC v,*

*Trudeau*, No. 13-1898 (7th Cir. 2013), ECF No. 11 (FTC Attachment D).

4

11.   For the foregoing reasons, Trudeau's motion for an extension of time to file a list of

creditors, schedules, and statement of financial affairs was filed in bad faith and is prejudicial

to the FTC and his many consumer victims.  The FTC respectfully requests that the Court

deny the Motion, and submits that this case should ultimately be dismissed under § 707(a).

Dated: May 14, 2013                                    Respectfully Submitted,


                                                       /s/ Michael Mora

                                                       Michael P. Mora  (IL 6199875)
                                                       Federal Trade Commission
                                                       600 Pennsylvania Ave., NW, M-8102B
                                                       Washington, D.C.  20580
                                                       (Tel.) (202) 326-3373
                                                       (Fax) (202) 326-2558
                                                       (Email) mmora@ftc.gov


### CERTIFICATE OF SERVICE

        I, Michael Mora, hereby certify that on May 14, 2013, I caused to be
served true copies of the foregoing by first class mail on the parties on the attached Service List,
and via electronic means to registered CM/ECF users who are participants in the above-
captioned case.


                              /s/ Michael Mora
                              Michael Mora (mmora@ftc.gov)
                              Attorney for Plaintiff
                              Federal Trade Commission

5

SERVICE LIST

Alliance Publishing Group Inc.
130 Quail Ridge Drive
Westmont, IL 60559

GIN USA Inc.
130 Quail Ridge Drive
Westmont, IL 60559

International Pool Tour Inc.
130 Quail Ridge Drive
Westmont, IL 60559

KT Corporation Limited
130 Quail Ridge Drive
Westmont, IL 60559

KT Radio Network Inc.
130 Quail Ridge Drive
Westmont, IL 60559

Natural Cures Inc.
130 Quail Ridge Drive
Westmont, IL 60559

TruStar Productions Inc.
130 Quail Ridge Drive
Westmont, IL 60559

Website Solutions USA Inc.
130 Quail Ridge Drive
Westmont, IL 60559

Direct Response Associates LLC
130 Quail Ridge Drive
Westmont, IL 60559

Reno Rolle
537 Del Oro Drive
Ojai, CA 93023

Mark Abrams
Abrams and Abrams
180 W. Washington Street
Suite 910
Chicago, IL 60602
Bill Gladstone
Waterside Productions Inc.
2055 Oxford Ave.
Cardiff, CA. 92007